**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

STEVEN ALLEN GLENN,                    )
                                       )
                    Plaintiff,         )
          vs.                          )          1:05-cv-1679-SEB-VSS
                                       )
INDIANA DEPARTMENT OF                  )
 CORRECTION, et al.,                   )
                                       )
                    Defendants.        )

**Entry Concerning Selected Matters**

The court, having considered the above action and the matters which are pending, makes the following rulings:

1.      The plaintiff's change of address has been noted on the docket.

2.      The plaintiff has paid the initial partial filing fee which was assessed. The complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). This statute requires the court to screen prisoner complaints at the earliest opportunity and "dismiss the complaint, in whole or part, if . . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan,* 198 F.3d 626 (7th Cir. 1999) (quoting 28 U.S.C. § 1915A(b)(1)). Applying this standard to the complaint here, the complaint must be dismissed as to the Indiana Department of Correction, because this agency is not a "person" subject to suit pursuant to 42 U.S.C. § 1983, and must be dismissed as to defendant Branchville Correctional Facility for the same reason.

3.      This leaves the claim against defendant Clark, who is identified as the Superintendent of the prison where the plaintiff was confined at the time he was not permitted a furlough to attend the funeral of his mother. Whether that decision appeared justified or unjustified by the plaintiff's classification, misclassification or any other factor is not critical. Instead, it is the nature of the deprivation which the plaintiff suffered which reveals that there was no violation of his federally secured rights. This is because the failure of prison authorities to permit the plaintiff to attend his mother's funeral did not infringe on any due process or any other right, *Thomas v. Farley,* 31 F.3d 557 (7th Cir. 1994); *Brooks v. Nash,* 1993 WL 266526, at *2 (N.D.Ill. July 15, 1993), and because without a predicate constitutional violation one cannot make out a *prima facie* case under § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992).

4.      "[I]f a plaintiff chooses to 'plead particulars, and they show he has no claim, then he is out of luck-he has pleaded himself out of court.'" *Jefferson v. Ambroz,* 90 F.3d 1291, 1296 (7th Cir. 1996) (*quoting Thomas v. Farley,* 31 F.3d 557, 558-59 (7th Cir. 1994)). That is the case here. Accordingly, the action must be dismissed pursuant to § 1915A(b), and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date:   8/3/06                    ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                 SARAH EVANS BARKER, JUDGE
                                 United States District Court
                                 Southern District of Indiana